MORALES, PLAINTIFF AND APPELLANT, *v.* DESSÚS, DEFENDANT
AND APPELLEE.

Appeal from the District Court of Ponce in an Action of
Debt.

No. 1913.—Decided June 13, 1919.

WILL—HEIR—PAYMENT OF SERVICES.—The fact that a testator names a stranger
as heir to one-third of his estate does not prevent the same testator from trans-
ferring a certain credit to the said stranger in another document in payment
of services rendered to him by the stranger.

ID.—ID.—ID.—ASSIGNMENT—ADMINISTRATOR.—A, being a bachelor without heirs-
at-law, was the possessor of considerable wealth, a substantial portion of
which he left to his nephews. For fifty years B had been in his service with-
out receiving a salary. Finally A decided to settle the account and assigned
to B a credit for thirty thousand dollars. B accepted it and collected the
amount of the credit. A having died, the administrator of his estate attacked
the assignment. The evidence proved the actual rendition of the services
and it was held that the assignment was valid.

NATURAL CHILD—ACKNOWLEDGMENT—INTERVENTION.—The mere fact that a per-
son brings an action to be acknowledged as the natural child of another does
not authorize the plaintiff to intervene as such child in another action brought
by the administrator appointed upon the death of the alleged father, for his
status as natural child does not yet appear to have been acknowledged in an
authentic and valid manner.

The facts are stated in the opinion.
*Mr. José Tous Soto* for the appellant.
*Messrs. Parra and Pérez Marchand* for the appellee.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Antonio Morales Lebrón, as administrator of the estate
of Angel Franceschi, brought an action in the District Court
of Ponce against José Leopoldo Dessús to recover the sum
of $30,000. The complaint set up substantially the following
facts: That the Succession of Serrallés owed Franceschi
$30,000; that when the debt became due the creditor allowed
the debtor to renew the obligation and by agreement with
the obligor made it appear therein that Dessús was the obligee
"so that he may have charge of the collection of the said note
at maturity and the amount of it may be delivered to him";
that Franceschi died and Dessús, availing himself of the

said substitution, collected and appropriated to himself the $30,000.

The defendant admitted in his answer that Franceschi was the creditor of the Succession of Serrallés for the sum specified, but denied that the substitution was made in the manner alleged by the plaintiff, alleging that prior to the maturity of the obligation Franceschi and the defendant agreed that the former should assign to the latter the value and amount of the said obligation in payment of services rendered to Franceschi by the defendant, and that, being the owner of the note, he collected it for himself at maturity.

The issue being thus joined, the case was tried on evidence introduced by both parties and the court entered judgment dismissing the complaint. From that judgment the present appeal was taken.

The only question in this case is one of evidence. There is no dispute as to the existence of the debt and that it was collected by Dessús. Nor is there any question that the debt was secured by a note payable to Dessús. The plaintiff maintains that until his death Franceschi continued to be the owner of the credit now belonging to his heirs, while the defendant contends that Franceschi lawfully assigned it to him in payment of services rendered.

We have carefully examined the evidence and in our opinion it justifies the judgment.

At the trial the plaintiff produced in evidence two holographic wills made by Franceschi, one in 1877 and the other in 1895, with an explanatory note added in 1898. Franceschi died in Juana Díaz, P. R., in 1916. The first will is of interest in ascertaining the truth in this case. It is short and reads as follows:

"I, the undersigned, declare that at my death I wish the masonry house which I own in the town of Juana Díaz, as well as the store in it managed by the young man Leopoldo Dessús, to be allotted to him as his lawful property without his having to account to anybody, for it is absolutely free of debt. I also charge all authorities

and my brothers particularly that under no pretext shall they molest or demand accounts of the young man Leopoldo Dessús, the owner of the house and store, for I religiously owe him that amount and much more for his services to me for many years. And, to be as valid as if made before an official notary, I sign this in the city of Ponce this twentieth day of October, 1877.—(Signed) Angel Franceschi.''

The said will was substituted by the will of 1895, which was the last will of Franceschi. In this last will the testator ordered that his estate be divided into three equal parts and distributed among his heirs whom he named as follows: José Leopoldo Dessús and his nephews Juan and José María Franceschi, residents of Córcega, France.

We know, therefore, from documents solemnly executed by Franceschi how much he valued the services which the defendant had rendered him. More than forty years ago he acknowledged that he religiously owed him the amounts represented by the properties specified in the first will "and much more for his services to me for many years." (This he wrote in 1877).

From the testimony introduced by the defendant it appears that while the mercantile establishment existed Dessús was a clerk in it, and when Franceschi, old and almost blind, retired to his home, the defendant was always at his side, attending and serving him until his death.

The plaintiff also introduced documentary evidence which shows that when Dessús was called upon by the administrator to deliver the properties left by Franceschi at his death, he delivered among others $30,000 in cash from the safe of the deceased.

The defendant's evidence is convincing. It consists of the testimony of three witnesses, Francisco María Franceschi, Angel's brother, Ermelindo Salazar, manager of the Crédito y Ahorro Ponceño, and the defendant himself. The brother knew of the transfer of the credit, which was made in the presence of the manager of the said bank. Dessús tes-

tified under oath to the allegations of the complaint and explained them.

The appellant argues that since the evidence shows that Franceschi was a miser, there is no explanation of his generosity towards Dessús. We do not agree. Franceschi accumulated wealth and it seems that he lived very modestly. He never married. He had no heirs-at-law. Dessús lived with him and worked with him; was his employee, his servant and his friend. He never had a fixed salary for his services which continued for about fifty years. He asked for nothing. Nobody was in a better position than Franceschi to estimate the actual value of such absolute dedication to him of the best part of a life. And Franceschi acted fairly. The assignment of the note represents payment for the material services. Making Dessús an heir to a third of his estate represents the gratitude and appreciation not of material services, but of acts of kindness. It is evidence of heartfelt sympathy and the voluntary exercise of a faculty which cannot be inquired into or restricted in a case like the present. We see no inconsistency between the two acts.

We have said that Franceschi had no heirs-at-law. However, the record contains a petition of intervention filed in the name of the minor Rosalina Ricci, which was denied by the district court. The ground of the petition was that an action had been brought in the name of the said minor seeking to be declared the acknowledged natural child of Angel Franceschi. The complaint in that case was filed in January, 1917, and was demurred to and answered praying that it be dismissed. It does not appear what judgment, if any, was entered in the case, but it is to be noted that the present action of debt was not disposed of until April, 1918, and it does not appear that the minor again asked to be allowed to intervene.

The ruling of the court was correct because the mere fact that an action for acknowledgment has been brought, such acknowledgment not appearing in an authentic and

valid manner, could not entitle the minor to intervene in this case as an acknowledged natural child. *Ricci* v. *Sepúlveda,* 25 P. R. R. 849.

In our opinion there is no ground for the appellant's contention that the district court infringed section 1247 of the Civil Code, the last paragraph of which reads as follows:

"All other contracts, in which the amount of the prestations (*sic*) of one (or?) of the two contracting parties exceeds 300 dollars, must be reduced to writing, even though it be private."

In this case there is a promissory note. That document shows on its face that the $30,000 was payable to the defendant. And in order to inquire into the origin of the assignment, oral evidence could be offered and admitted without violating said section 1247. For this holding it will be sufficient to refer to the jurisprudence of this court in the case of *Cintrón* v. *Fernández,* 22 P. R. R. 450.

The appeal must be dismissed and the judgment

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.